# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| POMPEYO CASTANEDA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 14 C 7023 |
| v. | ) | |
| | ) | Magistrate Judge Susan E. Cox |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Pompeyo Castaneda ("Plaintiff") appeals the Commissioner of Social Security's decision to deny his Supplemental Security Disability benefits under Title II of the Social Security Act and Supplemental Security Income under Title XVI of the Social Security Act. We grant Plaintiff's motion for summary judgment [dkt. 11] and deny the Commissioner's motion for summary judgment [dkt. 16]. The Administrative Law Judge's decision is remanded.

## STATEMENT

Plaintiff appeals the Commissioner of Social Security's decision to deny him Social Security disability benefits under Title II of the Social Security Act ("SSA") and Supplemental Security Income ("SSI") under Title XVI of the SSA. Plaintiff filed a motion for summary judgment [dkt. 11] seeking reversal of the decision of the Administrative Law Judge ("ALJ"). A motion for summary judgment has been filed on behalf of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"). For the reasons outlined below, we grant Plaintiff's motion and deny the Commissioner's motion [dkt. 16]. The ALJ's decision is remanded for further proceedings consistent with this opinion.

1

On July 16, 2012, Plaintiff filed his application for disability benefits alleging entitlement to benefits as of March 29, 2012, due to stiffness and pain in his shoulders, knees, hands, and lower back, as well as prostate cancer.[1] Additionally, Plaintiff suffers from obesity.[2] The Social Security Agency denied Plaintiff's claims initially and denied them again upon reconsideration.[3] Plaintiff filed a request for a hearing before an ALJ on April 11, 2013.[4] The request was granted, and ALJ Karen Sayon held a hearing on February 3, 2014.[5]

Following the hearing, the ALJ determined, *inter alia*, that: 1) the Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2016;[6] 2) the Plaintiff has not engaged in substantial gainful activity since March 29, 2012;[7] 3) the Plaintiff suffered from the severe impairments of obesity, mild degenerative joint disease of the left knee, and lumbar degenerative disease;[8] 4) the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments as defined in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926);[9] 5) the Plaintiff has the Residual Functional Capacity ("RFC") necessary to perform a full range of medium work as defined in 20 CFR 404.1567(a) and 416.967(a);[10] 6) given the Plaintiff's RFC the ALJ believes that the Plaintiff is capable of performing previous work as a machine operator.[11]

---

[1] Pl.'s Mot. 1-2.
[2] Pl.'s Mot. at 2.
[3] R. at 34.
[4] R. at 127.
[5] R. at 47.
[6] R. at 36.
[7] *Id.*
[8] *Id.*
[9] R. at 37.
[10] R. at 37-38.
[11] R. at 41.

The ALJ found that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's symptoms concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible . . . ."[12] The ALJ supported this finding by noting that "[t]he claimant has daily activities that are not limited to the extent one would expect, given that complaints of disabling symptoms and limitations," including "wash[ing] dishes, driv[ing] his 17-year-old daughter to and from school, driv[ing] his wife to and from work, and do[ing] chores in the home and yard."[13] The ALJ further bolstered her finding that Plaintiff's statements regarding the extent of his symptoms were not credible by noting that Plaintiff had applied for state unemployment benefits, stating that "[i]n order to qualify for such benefits, applicants typically must affirm that they are capable of working."[14] To support her conclusion that the Plaintiff is capable of performing past relevant work, the ALJ also cited Bob Hammond, the vocational expert, who testified that claimant would be able to perform past relevant work as a machine operator as it would require a medium exertion level.[15]

## DISCUSSION

### I. STANDARD OF REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."[16] Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error.[17] Substantial evidence is "such

---

[12] R. at 38.
[13] R. at 39.
[14] R. at 39.
[15] R. at 41.
[16] 42 U.S.C. § 405(g).
[17] *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997).

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[18] This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility.[19]

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits."[20] In cases where the ALJ denies benefits to a Plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion."[21] The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review."[22] "An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning."[23]

## II. The ALJ Failed to Build a Logical Bridge Between Plaintiff's Testimony Regarding Daily Activities and an Ability to Perform Medium Work.

"Medium Work" is defined as work that "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."[24] According to a Social Security Administration Program Policy Statement, "a full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weight up to 25 pounds."[25] The Seventh Circuit has "long bemoaned" ALJs who "have equated the ability to

---

[18] *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007).
[19] *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).
[20] *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001).
[21] *Clifford*, 227 F.3d at 872.
[22] *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007).
[23] *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).
[24] 20 CFR 404.1667.
[25] SSR 83–10, 1983 WL 31251, at *5–6.

engage in some activities with an ability to do full-time work, without a recognition that full-time work does not allow for the flexibility to work around periods of incapacitation."[26]

Here, the ALJ failed to explain how any of the enumerated daily activities discussed above have any bearing on whether Plaintiff's claims regarding his ability to work full time are credible, or whether Plaintiff would, in fact, be able to perform medium work. Driving his family members is done from a sedentary position, and does not involve lifting of any kind. Likewise, washing dishes does not bear any resemblance to the type of exertional level that can be expected from a job that fits the criteria for medium work. Finally, and most importantly, the ALJ did not explore the manner or duration of chores and yardwork that Plaintiff reporting performing. It is certainly possible that these chores would have been indicative of the ability to engage in medium work, but without exploring that issue, this Court is left to guess. Simply put, the ALJ did not build the bridge between the Plaintiff's ability to perform certain daily activities and its bearing on his ability to work a full-time medium exertional level job. His failure to do so was error and requires remand.

### III. The ALJ Erred In Finding That Plaintiff's Application for Unemployment Benefits Rendered His Testimony Not Credible.

The ALJ also based her credibility finding on the fact that "the claimant applied for state unemployment benefits after the alleged onset date in this case," reasoning that "[i]n order to qualify for such benefits, applicants must affirm they are capable of working."[27] Although ALJs are allowed to consider such evidence, the Seventh Circuit has warned that "attributing a lack of credibility to [applying for unemployment benefits] is a step that must be taken with significant care and circumspection."[28] As such, "[a]ll of the surrounding facts must be carefully

---

[26] *Moore v. Colvin*, 743 F.3d 1118, 1126 (7th Cir. 2014).
[27] R. at 39.
[28] *Scrogham v. Colvin*, 765 F.3d 685, 699 (7th Cir. 2014).

5

considered," particularly "[i]n the case of a progressive disease" because "it is especially possible that an applicant might, at the early stages of the disease's manifestations, be unsure of the limits of his physical capabilities and only later determine that his inability to work was due to the fact that the physical toll taken by the disease was greater than he had thought."[29] A failure to consider these factors may be cause for remand.[30]

In this case, the Plaintiff testified at his hearing that his conditions were progressive, stating that "in the beginning, the pain used to be . . . less frequent and lighter, but now it's become more frequent and more consistent."[31] However, the ALJ did not consider the progressive nature of Plaintiff's condition when considering the evidence regarding Plaintiff's application for unemployment benefits. In fact, the ALJ did not direct any of her questions during the Plaintiff's hearing to his seeking unemployment benefits, and limited her consideration of this evidence to two short sentences in her opinion. In short, the ALJ did not take the "significant care and circumspection" required by the Seventh Circuit in considering unemployment benefit evidence in cases where the claimant – like the Plaintiff in the instant case – suffers from a progressive condition. As such, the ALJ erred in making her credibility determinations, and the case is remanded for further proceedings consistent with this opinion.

## **CONCLUSION**

For the foregoing reasons, we remand this matter for further proceedings consistent with this opinion. Plaintiff's motion for summary judgment is granted [dkt. 11] and the Commissioner's motion for summary judgment is hereby denied [dkt. 16].

---

[29] *Id.*
[30] *See id.*
[31] R. at 61.

**DATED:** 2/4/2016

_____

Susan E. Cox
United States Magistrate Judge